COTTRELL v. TENNEY et al.

(*Circuit Court, N. D. Illinois.* January 4, 1892.)

1. PLEADING—CONSPIRACY TO WRECK CORPORATION—SUFFICIENCY OF DECLARATION.
    A declaration by a stockholder against the officers of a corporation charged a conspiracy to wreck the company, and alleged that in pursuance thereof they caused judgment notes to be made without consideration, and had judgments entered thereon; that subsequently "executions were issued thereon, and levied on the property and assets of said corporation, and that afterwards said defendants falsely represented to said court that such judgments were a legal and binding obligation on said company, and thereby procured an order of said court for the sale of all the assets of said corporation, and that the proceeds of such sale be applied to said judgments;" in consequence whereof the plaintiff's stock was rendered valueless. *Held,* that as these allegations showed that the sale was not made under the executions in the ordinary course of enforcing judgments, but was in virtue of some ancillary proceedings, the declaration was insufficient in not setting out enough thereof to show whether such proceedings were of a nature to bind the stockholders.

2. LIMITATION OF ACTIONS—PLEADING—ANTICIPATING DEFENSE.
    An averment in a declaration that defendants fraudulently concealed the cause of action from plaintiff, not stating the facts constituting such concealment, is not sufficient to take the case out of the operation of the statute of limitations, and renders the declaration demurrable, even though it was not necessary for plaintiff to attempt to avoid the effect of the statute.

At Law. Action by Calvert P. Cottrell against Daniel K. Tenney and others for conspiracy to wreck the John B. Jeffrey Printing Company, whereof complainant was a stockholder. Heard on demurrer to amended complaint. Sustained.

Grosscup & Wean, for plaintiff.

Tenney, Church & Coffeen, for D. K. Tenny.

Barnum & Barnum, for Jeffrey Printing Co.

BLODGETT, J.   This case is now before the court upon a demurrer to the amended declaration.   The amended declaration contains three counts.   The first two counts set out, in substance, that plaintiff was the owner of 75 shares of the capital stock, of the value of $7,500, of the John B. Jeffrey Printing Company, a corporation organized under the laws of Illinois, and doing business in the city of Chicago, as a printing company; that some time before the 1st day of May, 1884, the defendants conspired together to wreck said company, and despoil it of its property, and, in pursuance of such conspiracy, unlawfully caused judgment notes to be made, which were wholly without consideration moving to said company, which amounted in the aggregate to about $50,000, and on the 1st day of May, 1884, unlawfully, and in pursuance of said conspiracy, caused judgments to be entered in the superior court of Cook county, in this city, upon said so-called judgment notes; that, after the entry of said judgments, executions were issued thereon and levied upon the property and assets of said corporation, and that afterwards said defendants falsely represented to said court that said judgments were a legal and binding obligation upon said company, and thereby procured an order of said court for the sale of all of the assets of said corporation, and that the proceeds of such sale be applied on said judgments, and that, in pursuance of such order, the property of said corporation, all and singular, was offered for public sale, and the said defendant Tenney became the purchaser thereof, and indorsed or applied the amount of purchase money he had bid therefor upon said judgments, and afterwards, and in pursuance of said conspiracy, said Tenney conveyed, all and singular, the property so purchased to a new corporation, which had been organized for that purpose, and thereby deprived the said John B. Jeffrey Printing Company of all its assets, and made the stock of plaintiff wholly valueless.   The third count is substantially like the first two, except that it does not charge that the judgment notes were given without consideration, but charges that certain proceedings were had in the superior court wherein, by order of said court, the proceeds of said property were applied on said judgments.   In all three of the counts it is alleged that the defendants fraudulently concealed the cause of action from the plaintiff until a short time before the commencement of this suit.   Enough appears in all three of these counts to give the court to understand that the sale of the assets of the John B. Jeffrey Company was not made to the defendant Tenney upon the execution, and in due course of the enforcement of the judgments at law, but that, on the contrary, such sales were made by virtue of some ancillary or other proceedings had in said court.

Having charged a sale by virtue of certain judicial proceedings, I am clear the plaintiff should have set out enough of those proceedings to enable the court to determine whether they were such proceedings as bound the stockholders of the defendant company.   For aught the court can surmise or guess from the statements made, these proceedings may have been instituted under the sections of the Illinois law in regard to corpo-

rations providing for winding up insolvent corporations, it being no-where averred, in either count of this declaration, that this John B. Jeffrey Printing Company was solvent and able to pay its debts.    In the third count there is no allegation but what these judgments were issued in due course of business, for the purpose of securing a legitimate indebtedness of the said corporation, and hence I fail to see how the facts alleged can amount to a fraudulent conspiracy to wreck the corporation.

The transactions complained of seem to have occurred in the early part of the year 1884, more than five years before the bringing of this suit, and presumably the plaintiff has put the averment in regard to fraudulent concealment of the plaintiff's cause of action into each of these counts for the purpose of taking the case out of the operation of the statute of limitations.    I do not think this averment of fraudulent concealment is sufficient.    It is made almost in the precise language of the statute, but it seems to me that the plaintiff should have stated in what the fraudulent concealment consisted, so that the defendant would be able to meet and answer such allegations by plea and proof.    Probably it was not necessary for the plaintiffs in their declaration to have attempted to evade the effect of the statute of limitations, but they might have left that to the defendant to elect whether or not the defendant would insist upon the bar of the statute; but, if the plaintiff attempts to take the case out of the operation of this statute, he should set up facts which, if proven, would effectually accomplish that purpose; in other words, he should state in what the fraudulent concealment consisted.    For these reasons the demurrer to each count of the amended declaration is sustained.